UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 20-cv-80135-MIDDLEBROOKS

CATHY BOOZE,

    Plaintiff,

v.

OCWEN LOAN SERVICING, LLC,

    Defendant.
_____/

## ORDER ON MOTION TO DISMISS

This Cause is before the Court upon an Amended Motion to Dismiss filed by Defendant Ocwen Loan Servicing, LLC[1] ("Defendant") on February 14, 2020. (DE 7). Plaintiff Cathy Booze ("Plaintiff") responded on February 28, 2020. (DE 7). For the following reasons, the motion is granted in part.

**I.    BACKGROUND**

This action arises out of Defendant's alleged violation of the Fair Debt Collection Practices Act ("FDCPA" or "the Act"), 15 U.S.C. §§ 1692 *et seq*. Plaintiff purchased property at 146 Abor Village Drive Pooler, GA. (DE 1-2 ("Complaint") ¶ 20). To purchase the property, Plaintiff obtained a loan secured by a mortgage. (Complaint ¶ 20, 21). After defaulting on the loan, servicing of the loan was transferred to Defendant, who began engaging in debt collection activities. (Complaint ¶ 22, 23). Defendant allowed Plaintiff to make payments towards her debt over the phone or by email, instead of only allowing payments by mail. (Complaint ¶ 23). However, these

---

[1] Ocwen Loan Servicing, LLC no longer exists as a standalone entity, having been merged into another wholly-owned subsidiary of Ocwen Financial Corporation in or around June 2019. Its successor-in-interest for purposes of this action is PHH Mortgage Corporation, which assumed certain obligations from Ocwen. Any references to Ocwen herein include PHH.

1

arguably more convenient payment options also resulted in a fee, which Defendant termed a "Speedpay fee." (Complaint ¶ 23). Plaintiff has allegedly paid at least $287.00 in fees. (Complaint ¶ 26). Plaintiff now argues that these fees were unfair and unconscionable within the meaning of the Act.

## II.   LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) challenges the legal sufficiency of the allegations in a complaint. *See* Fed. R. Civ. P. 12(b)(6). In assessing legal sufficiency, the Court is bound to apply the pleading standard articulated in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). That is, the complaint "must . . . contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1289 (11th Cir. 2010) (quoting *Twombly*, 550 U.S. at 570). "Dismissal is therefore permitted when on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." *Glover v. Liggett Grp., Inc.*, 459 F.3d 1304, 1308 (11th Cir. 2006) (internal quotations omitted) (citing *Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993)).

When reviewing a motion to dismiss, a court must construe plaintiff's complaint in the light most favorable to plaintiff and assume the truth of plaintiff's factual allegations. *See Erickson v. Pardus*, 551 U.S. 89, 93 (2007); *Christopher v. Harbury*, 536 U.S. 403, 406 (2002); *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997). However, pleadings that "are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 678; *see also Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1260

(11th Cir. 2009) (stating that an unwarranted deduction of fact is not considered true for purposes of determining whether a claim is legally sufficient).

### III.     Fair Debt Collection Practices Act

I begin by discussing Plaintiff's claims under the FDCPA. The FDCPA states that a "debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692. In particular, the Act disallows "[t]he collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law." 15 U.S.C. § 1692(1). At its core, this provision of the Act prevents creditors from asking for and receiving more money than the debtor actually owes.

However, here Defendant is not claiming that more money is owed on Plaintiff's debt, but instead is allowing Plaintiff to incur additional expenses in the form of Speedpay fees. Therefore, I must determine whether the charging of Speedpay fees is a collection activity covered by the Act, and if so, whether that activity was either expressly authorized by the agreement, or permitted by law. If I determine that Speedpay fees are an unauthorized collection activity, then I must determine whether Ocwen is a debt collector.

#### 1.  Are Speedpay Fees Collection Activities under the Terms of the FDCPA?

For the FDCPA to be applicable, Plaintiff must allege that Defendant was engaged in the collection of a debt, interest, fee, charge, or expense incidental to a debt when it charged Plaintiff Speedpay fees. I find that most appropriate potential categorization of the Speedpay fees is as an expense incidental to the debt. In issues of statutory interpretation, analysis commences with application of the plain meaning rule. If the meaning of the statute is clear, no further construction is required, for "courts must presume that a legislature says in a statute what it means and means

in a statute what it says there." *Connecticut Nat'l Bank v. Germain*, 503 U.S. 249, 253 (1992). "Where the words in the statute are not defined terms, the court should look to their ordinary, dictionary-defined meaning." *Consolidated Bank, N.A. v. U.S. Dep't of the Treasury*, 118 F.3d 1461, 1464 (11th Cir.1997). Black's law dictionary defines "incident" as "a dependent, subordinate, or consequential part." Black's Law Dictionary 879 (10th ed. 2014). I find that Speedpay fees fit within this categorization as they are dependent on the payment of Plaintiff's debt; there could be no Speedpay fee without a payment to make more "speedy."

To the extent that there is any ambiguity, I find the Staff Commentary on the FDCPA instructive. The Commentary states that "[a] debt collector may establish an 'agreement' without a written contract. For example, he may collect a service charge on a dishonored check based on a posted sign on the merchant's premises allowing such a charge, if he can demonstrate that the consumer knew of the charge." *Staff Commentary on the Fair Debt Collection Practices Act*, 53 FR 50097-02. This example illustrates that charging a fee for a dishonored check *is* the type of activity which would be covered by the Act. Otherwise, the Commentary would not have addressed the situations in which a service charge could be imposed, as the Act would have no authority to regulate that activity. Similarly, the Second Circuit has found that the FDCPA applies to service fees for dishonored checks. *Tuttle v. Equifax Check*, 190 F.3d 9, 15 (2d Cir. 1999) (finding that a defendant could escape liability under the FDCPA for imposition of a service charge only if the charge was expressly agreed to or permitted by law).

I find no appreciable difference between incurring a charge for a dishonored check and a charge to pay online or by phone. Both are charges that are incurred in the process of paying the debt, and could not be incurred independently. I am not persuaded by the argument that a Speedpay fee is not incidental to the debt because it is optional. In the bounced check example in the

4

commentary, the debtor is presumably not required to pay the debt by check, but choses to do so because it may be more convenient than paying with cash. Accordingly, based on the plain meaning of the term "incidental," and the Staff Commentary, I find that Speedpay fees are "expenses incidental to the principal obligation" and thus are covered by the Act.

### 2. Are Speedpay Fees Permitted by Law?

As I have determined that Speedpay fees are collection activities within the meaning of the FDCPA, the next inquiry is whether they are "expressly authorized by the agreement creating the debt or permitted by law." 15 U.S.C. § 1692(1). I begin by analyzing the latter.

Courts disagree about the meaning of the phrase "permitted by law." Some courts have held that the Act clearly requires affirmative legal permission, while others have found the issue more difficult, and have discussed the possibility that all activities are permitted so long as they are not *prohibited* by law. *Compare Newman v. Checkrite California, Inc.*, 912 F. Supp. 1354, 1368 (E.D. Cal. 1995) (discussing the two possible interpretations and finding that the plain meaning of the FDCPA requires an affirmative grant of permission); *Tuttle v. Equifax Check*, 190 F.3d 9, 13 (2d Cir. 1999) (stating without deciding that "there is some force to th[e] argument" that affirmative permission under the law is required).

I find that the plain meaning of the Act is clear. The Act says that collection of an amount greater than the total debt is prohibited *unless* permitted by law. This implies that legal permission must be affirmatively given. I agree with the Eastern District of California, and with the Northern District of Alabama handling the class action from which Plaintiff opted out, both of which found that "[t]he word 'permitted' requires that defendants identify some state statute which 'permits,' i.e. authorizes or allows, in however general a fashion, the fees or charges in question." *McWhorter v. Ocwen Loan Servicing*, LLC 15-cv-01831-MHH DE 31 (quoting *Newman*, 912 F. Supp. at

5

1368). I do, however, acknowledge that although the language of the *agreement* must "expressly authorize" certain conduct, a statute may authorize conduct in more general terms. Thus, a statute would not be required to use the term "Speedpay fee" or even describe the precise mechanism by which the fees are charged. It would only need to make clear that this type of action is permitted by law.

Defendant has cited no authority and I have not found any indication that Florida permits the charging of convenience fees. Indeed, Defendant's principal argument is that "[t]here is no applicable statute or regulation in Florida that prohibits convenience fees." (DE 7 at 12). As previously discussed, the lack of a prohibition does not constitute permission. I also find Defendant's other argument unavailing. The fact that "Florida law permits state agencies to charge convenience fees for same-day payments made by phone or online," *see* Fla. Stat. § 215.322(3)(b); Fla. Admin. Code § 69C-4.0045 ("Convenience Fees"), is irrelevant to private conduct. There are many things that the state is permitted to do which private entities cannot. Further the fact that "the [Florida Consumer Collection Protection Act] does not include a section corresponding to the FDCPA's § 1692f(1) provision governing fees" is unconvincing as it is another attempt to create a negative inference from the lack of a rule. (DE 7 at 12). Thus, I find that Speedpay fees are not affirmatively permitted by Florida law.

Defendant also argues that Speedpay fees are permitted under federal law, specifically under the Electronic Fund Transfers Act ("EFTA"). 15 U.S.C. § 1693. The EFTA states that:

> [t]he terms and conditions of electronic fund transfers involving a consumer's account shall be disclosed at the time the consumer contracts for an electronic fund transfer service, in accordance with regulations of the Bureau. Such disclosures shall be in readily understandable language and shall include, to the extent applicable-- any charges for electronic fund transfers or for the right to make such transfers.

15 U.S.C. § 1693c(a)(4). However, this rule speaks of *consumers*, not *debtors*. Therefore, it does not grant permission for a creditor to charge a convenience fee to a debtor. Defendant does not cite, and I have not found, another federal statute which may permit Speedpay fees. Accordingly, I find that Speedpay fees are not permitted by law.

**3. Was the Speedpay Fee Explicitly Allowed by the Agreement Creating the Debt?**

As Speedpay fees are not "permitted by law," they violate the FDCPA unless they are "expressly authorized *by the agreement creating the debt*." Plaintiff does not allege that the initial agreement creating the debt authorized the charging of Speedpay fees. I note that at some later time Plaintiff may very well have agreed to be charged the Speedpay fees [SCRIPT]. However, I am required to follow the plain meaning of the statute. Plaintiff's allegations may be construed to state that the Speedpay fees were authorize, if at all, in an agreement *after* the creation of the debt. Accordingly the circumstances under which the Speedpay fees were charged would fall outside the plain language of the FDCPA. If the legislature had intended to say that the FDCPA allowed charges that are authorized by "an agreement, created at *any time*," it could have surely said so.

I acknowledge that this result is difficult to square with the commentary, which, again, states that "[a] debt collector may . . . collect a service charge on a dishonored check based on a posted sign on the merchant's premises allowing such a charge, if he can demonstrate that the consumer knew of the charge." *Staff Commentary on the Fair Debt Collection Practices Act*, 53 FR 50097-02. Thus, the Commentary seems to suggest that an agreement could be made through the posting of a sign *after* the initial agreement creating the debt in connection with a debtor's subsequent payment of the debt. On its face this appears inconsistent with the statute. However, there is a reading the commentary which does not conflict with the statute, such as when the debtor

7

saw the sign about service charges *at the time that she entered into the agreement creating the debt*. In this sense then, my ruling today is consistent with both the statute and the commentary.

### 4. Is Ocwen a Debt Collector?

Ocwen also disputes that it is a debt collector under the meaning of the FDCPA. The answer to this question hinges on whether Ocwen must be a debt collector *as to the Speedpay fee*, or just as to the underlying defaulted loan. As I have already discussed, I found that the Speedpay fee was an expense incidental to the principal obligation, rather than the debt itself. Accordingly, I find that Ocwen need only be a debt collector as to the underlying debt. Plaintiff has alleged her loan was transferred to Ocwen for servicing and that Ocwen was collecting money from her because her loan was in default. (Complaint ¶ 21-26). This allegation is sufficient to support a finding that Ocwen was acting as a debt collector.

### IV. CONCLUSION

Based upon the foregoing, and after careful consideration of Plaintiff's Complaint (DE 1-2) and the applicable laws pertaining to the claims at issue, it is hereby

**ORDERED and ADJUDGED** that:

1. Defendant's Amended Motion to Dismiss (DE 7) is **DENIED**.
2. Defendant's Motion to Dismiss (DE 6) is **DENIED AS MOOT**.

**SIGNED** in Chambers at West Palm Beach, Florida, this 2 day of March, 2020.

DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE